UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENEE REESE | CIVIL ACTION |
| VERSUS | NO. 17-9772 |
| MARKETRON BROADCAST SOLUTIONS, LLC, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Defendants Atlantic Recording Corporation (Atlantic), Bread Winners' Association (BWA), LLC (BWA), and Citadel Broadcasting Company (Citadel) move to dismiss plaintiff's claims in her first amended complaint.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff Renee Reese filed this putative class action seeking damages and equitable relief under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. In her first amended complaint, plaintiff alleges that defendants Marketron Broadcast Solutions, LLC (Marketron), Atlantic, BWA, Citadel, and Studio Network-Orpheum LLC sent unsolicited text

---

[1] R. Docs. 10, 11.

messages to plaintiffs, and others similarly situated, promoting live concerts.² Plaintiff asserts that defendants sent these messages using an automatic telephone dialing system.³

Atlantic, BWA, and Citadel now move to dismiss plaintiff's claims in the first amended complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not oppose these motions, but instead filed a second amended complaint which names only Marketron as a defendant.⁴ Plaintiff has also filed a motion for class certification.⁵

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court

---

² R. Doc. 4 at 3 ¶ 15.
³ *Id.* at 3-4 ¶ 17.
⁴ R. Doc. 29. Marketron has moved to strike this second amended complaint because it was filed without leave of court or consent of the parties. R. Doc. 32. In response, plaintiff moved for leave to amend her pleadings. R. Doc. 35.
⁵ R. Doc. 34.

must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

### III. DISCUSSION

The TCPA makes it unlawful to make a call using an automatic telephone dialing system "to any telephone number assigned to a . . . cellular

telephone service," without the recipient's express consent. 47 U.S.C. § 227(b)(1)(A)(iii). It also provides a private right of action to seek injunctive relief and damages. *Id.* § 227(b)(3).

Plaintiff's first amended complaint fails to state a TCPA claim because it rests on conclusory allegations of collective wrongdoing. The complaint directs its allegations towards "defendants" as a group without explaining any particular defendant's involvement. As the Seventh Circuit recently noted, "liability is personal." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Because the notice pleading requirement of the Federal Rules of Civil Procedure entitles "[e]ach defendant . . . to know what he or she did that is asserted to be wrongful," allegations based on "a theory of collective responsibility" cannot withstand a motion to dismiss. *Id.* That plaintiff filed a second amended complaint alleging wrongful conduct only by Marketron highlights the dearth of factual allegations against the other defendants. Thus, plaintiff's first amended complaint does not state a claim against Atlantic, BWA, and Citadel.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss. Plaintiff's claims against Atlantic, BWA, and Citadel are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __3rd__ day of January, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE